**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-62167-CIV-DAMIAN**

**LUIS MARIO QUINTANILLA MIRANDA,**

Petitioner,

v.

**WARDEN, BROWARD TRANSITIONAL CENTER,** *et al.*,

Respondents.

_______________________________________/

**ORDER ON PETITION FOR WRIT OF *HABEAS CORPUS***

**THIS CAUSE** is before this Court on Petitioner, Luis Mario Quintanilla Miranda's ("Quintanilla" or "Petitioner"), Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [ECF No. 1 ("Petition")], filed on August 6, 2026. On August 11, 2026, this Court entered an Order to Show Cause [ECF No. 3]. Respondents filed a Response to the Order to Show Cause [ECF No. 4 ("Response")] on August 21, 2026, and Petitioner filed a Reply [ECF No. 5 ("Reply")] that same day.

THE COURT has reviewed the Petition, the Response, the Reply, the relevant legal authorities, and the pertinent portions of the record and is otherwise fully advised. For the reasons that follow, the Petition is denied.

## I. BACKGROUND

Petitioner is a native and citizen of Nicaragua. Resp. at 1; [ECF No. 4-1]. On March 14, 2024, Petitioner entered the United States at Miami International Airport pursuant to humanitarian parole. Resp. at 1; [ECF No. 4-1]. Petitioner's parole was terminated on June

12, 2025. [ECF No. 4-1]. The record reflects that Petitioner thereafter remained in the United States. *See id.*

On July 24, 2026, U.S. Immigration and Customs Enforcement ("ICE") Enforcement and Removal Operations ("ERO") encountered Petitioner at Fort Lauderdale-Hollywood International Airport while he was waiting to board a flight to Philadelphia, Pennsylvania. Resp. at 1–2; [ECF No. 4-1]. ICE issued a warrant for Petitioner's arrest that same day and took him into immigration custody. Resp. at 2; [ECF Nos. 4-1, 4-2]. Petitioner was thereafter detained at the Broward Transitional Center, where he remains pending resolution of his removal proceedings. Resp. at 2; [ECF Nos. 4-1, 4-3].

On July 29, 2026, the Department of Homeland Security ("DHS") issued Petitioner a Notice to Appear ("NTA"), classifying him as an arriving alien and charging him as inadmissible under Section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(a)(7)(A)(i)(I), because, at the time of his application for admission, he was not in possession of the documentation required under the INA. Resp. at 2; [ECF No. 4-4]. At the time Respondents filed their Response, Petitioner's next hearing before the Immigration Court was scheduled for September 2, 2026. Resp. at 2; [ECF No. 4-5].

In the Petition, Petitioner challenges his continued detention without an individualized custody determination. Petitioner acknowledges that he entered the United States pursuant to humanitarian parole and is classified as an arriving alien for purposes of his immigration proceedings. Pet. ¶¶ 13, 17. Nevertheless, Petitioner contends that his continued detention requires an individualized custody determination, and he seeks, among other relief, an individualized bond hearing pursuant to 8 U.S.C. § 1226(a), release from

immigration custody, or an individualized parole determination pursuant to 8 U.S.C. § 1182(d)(5)(A). *See* Pet. ¶¶ 35, 43–44; Pet. at 16.

Respondents counter that Petitioner remains an arriving alien because he originally presented himself for inspection at a port of entry and was paroled into the United States. Resp. at 2–7. Respondents therefore maintain that Petitioner is subject to mandatory detention under Section 1225(b)(2)(A) and may be released only through DHS's discretionary parole authority under Section 1182(d)(5)(A). *Id.* at 4–7. Respondents further argue that Petitioner's detention does not violate the Due Process Clause and that the Petition should be dismissed because Petitioner failed to exhaust his administrative remedies. *Id.* at 7–12.

In the Reply, Petitioner responds that *Hernandez Alvarez v. Warden, Federal Detention Center Miami*, 175 F.4th 1258 (11th Cir. 2026), requires application of Section 1226 because his parole was terminated more than one year before ICE arrested him in the interior of the United States while he was attempting to board a domestic flight. Reply at 2–3. Petitioner further argues that detention without an individualized custody determination violates the Fifth Amendment and that exhaustion would be futile because, under Respondents' own interpretation of the governing regulations, an Immigration Judge lacks authority to provide an arriving alien with a bond hearing. *Id.* at 3–5.

The Petition is ripe for adjudication.

## II. LEGAL STANDARD

District courts have the authority to grant writs of *habeas corpus*. *See* 28 U.S.C. § 2241(a). *Habeas corpus* is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who demonstrates that he is being held in custody in violation of the Constitution or federal law.

*See* 28 U.S.C. § 2241(c)(3). This Court's jurisdiction extends to challenges involving immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

Based on binding authority from the United States Supreme Court in *Department of Homeland Security v. Thuraissigiam*, 591 U.S. 103 (2020), this Court concludes that Petitioner is not entitled to a bond hearing under § 1226(a) because he is subject to mandatory detention under § 1225(b).

At the outset, the undersigned points out that this Court has acknowledged many times, and the Eleventh Circuit recently held, that noncitizens who enter the United States without inspection but are later apprehended in the interior of the country are not categorically subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *See Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1275-85 (11th Cir. 2026).[1] As the Eleventh Circuit explained in *Hernandez Alvarez*, § 1225(b)(2)(A) applies only to noncitizens who are "seeking admission," meaning those actively pursuing lawful entry after inspection and authorization by an immigration officer. *Id.* at 1269 ("However, on this record, we cannot also say that they were 'seeking lawful entry after inspection and authorization by an immigration officer' when they were detained. Petitioners were not applying for entry in any

[1] *See, e.g.*, *Espinal Encarnacion v. ICE Field Office Director, et al.*, No. 25-61898-CIV-DAMIAN, ECF No. 29 (S.D. Fla. Dec. 23, 2025); *Martinez Gomez v. Diaz, et al.*, No. 25-62236-CIV-DAMIAN, ECF No. 21 (S.D. Fla. Jan. 8, 2026); *Irure-Rodriguez v. Lyons, et al.*, No. 25-62585-CIV-DAMIAN, ECF No. 9 (S.D. Fla. Jan. 20, 2026); *Sultany v. Ripa, et al.*, No. 25-62586-CIV-DAMIAN, ECF No. 12 (S.D. Fla. Jan. 20, 2026); *Gonzalez Ramon v. Lyons, et al.*, No. 26-60064-CIV-DAMIAN, ECF No. 8 (S.D. Fla. Feb. 6, 2026); *Rorres Arevalo v. Noem, et al.*, No. 26-60155-CIV-DAMIAN, ECF No. 7 (S.D. Fla. Feb. 9, 2026); *Torres-Martinez v. Assistant Dir., et al.*, No. 26-60166-CIV-DAMIAN, ECF No. 9 (S.D. Fla. Feb. 11, 2026); *Arcia Alfonso v. GEO Group, Inc., et al.*, No. 26-60286-CIV-DAMIAN, ECF No. 9 (S.D. Fla. Feb. 17, 2026); *Mejia v. Lyons, et al.*, No. 26-60258-CIV-DAMIAN, ECF No. 7 (S.D. Fla. Apr. 3, 2026).

literal sense when they were detained following a traffic stop, nor were they taking any cognizable step to obtain the rights and privileges of lawful entry. They were only present in the country. They were not seeking or pursuing any object, let alone 'lawful entry.'"). Thus, pursuant to the Eleventh Circuit's holding in *Hernandez Alvarez*, mere physical presence in the United States without prior admission does not itself render a noncitizen "seeking admission" within the meaning of the statute and subject to mandatory detention under § 1225(b)(2)(A). *Id*.

Here, Petitioner seeks relief based on *Hernandez Alvarez*. However, he is not similarly situated to the detained aliens in that case. Unlike the petitioners in *Hernandez Alvarez*, Petitioner did not enter the United States without inspection. Rather, Petitioner presented himself for inspection at Miami International Airport and was paroled into the United States on March 14, 2024. Resp. at 1; [ECF No. 4-1]. Although Petitioner's parole was terminated on June 12, 2025, and he was not taken into immigration custody until July 24, 2026, when immigration officials encountered him at Fort Lauderdale-Hollywood International Airport while he was awaiting a domestic flight to Philadelphia, those circumstances do not place Petitioner in the same position as the individuals who entered without inspection in *Hernandez Alvarez*. Resp. at 1–2; [ECF No. 4-1]. Instead, Petitioner's circumstances are more akin to those addressed in *Department of Homeland Security v. Thuraissigiam*, 591 U.S. 103 (2020).

In *Thuraissigiam,* the Supreme Court determined that the petitioner, who had been classified as an arriving alien and had a pending asylum claim, was not entitled to habeas relief based on being detained without bond by immigration authorities. According to the Court, such an alien "has only those rights regarding admission that Congress has provided

by statute," and Congress, through the INA, provides for detention without bond in those circumstances. *Id.* at 140.

The Supreme Court has long rejected the proposition that an alien ceases to be an arriving alien and attains rights otherwise unavailable to arriving aliens solely based on the alien's length of detention, release, or presence in the United States. *Id.* at 139; *Jennings v. Rodriguez*, 583 U.S. 281, 296-303 (2020) (rejecting Ninth Circuit's holding that after six months, detention of alien under section 1225(b) shifts to section 1226(a)); *Landon v. Plasencia*, 459 U.S. 21, 32 (1982) ("This Court has long held that an alien seeking initial admission to the United States requests a privilege and has no constitutional rights regarding his application, for the power to admit or exclude aliens is a sovereign prerogative.").

Under the INA, an inadmissible alien who entered the United States at a port-of-entry without required documentation is classified as an "arriving alien." 8 U.S.C. §§ 1182(a)(7)(A)(i)(I), 1225(b)(1). Detention of an arriving alien pending completion of removal proceedings is mandatory even if an asylum officer determines the alien has a credible fear of persecution. 8 U.S.C. § 1225(b)(1)(B)(ii); *Jennings*, 583 U.S. at 297 (finding the "clear language" of section 1225(b)(1) mandates detention of aliens claiming a credible fear of persecution). The only exception is that the Attorney General may exercise his discretion to release such alien on parole. 8 U.S.C. § 1182(d)(5)(A).

Because Petitioner was classified as an arriving alien in the NTA issued when he arrived to the United States, Petitioner is subject to mandatory detention under the INA and is not entitled to habeas relief based on the immigration court's failure to afford him a bond hearing. *See Flores v. Warden*, No. 26-cv-60399, 2026 WL 1437166 (S.D. Fla. May 21, 2026) (Altman, J.) (denying habeas petition for an "arriving alien" because arriving aliens are

subject to mandatory detention through the completion of removal proceedings even if they were previously paroled); *Molina v. U.S. Immig. & Cust. Enforcement*, No. 26-cv-22607, 2026 WL 1282832 (S.D. Fla. May 11, 2026) (Bloom, J.) (same).

## IV. CONCLUSION

Accordingly, for the reasons set forth above, it is hereby

**ORDERED AND ADJUDGED** that the Petition [**ECF No. 1**] is **DENIED.** It is further that the Clerk of Court is directed to **CLOSE** this case. All pending motions, if any, are **DENIED AS MOOT.**

**DONE AND ORDERED** in Chambers in the Southern District of Florida, this 31st day of August, 2026.

**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**